EdiZONE, LLC
Casey K. McGarvey (4882)
123 East 200 North
Alpine, Utah 84004
(801) 936-1039
casey@edizone.com

Attorney for Plaintiff,
EdiZONE, LLC

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| EDIZONE, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>KAYMED INC., a Delaware corporation, CONOR SHEAHAN, an individual, and DOES 1 through 50,<br><br>Defendants. | **COMPLAINT AND JURY DEMAND**<br><br>Case No.: 2:10-cv-01089-DB<br><br>Judge Dee Benson |

EdiZONE, LLC, Plaintiff, hereby alleges and claims against Defendants, Kaymed Inc.,

Conor Sheahan, and Does 1 – 50, as follows:

<u>PARTIES, JURISDICTION & VENUE</u>

1.      EdiZONE, LLC, is a Delaware limited liability company with its principle place

of business in Alpine, Utah (hereafter, including its predecessors in interest, "EdiZONE").

2.      On information and belief, EdiZONE believes the following as to each of the

Defendants:

a.      Kaymed Inc. (hereafter "Kaymed") is a Delaware corporation that was in the business of making and selling mattresses and pillows, with its principle place of business in North Carolina;

b.      Conor Sheahan (hereafter "Sheahan") was the president of Kaymed who knowingly authorized and/or encouraged Kaymed's conduct that is at issue in this action; and

c.      Does 1 – 50 are companies or individuals who are not now known by EdiZONE, and leave will be sought hereafter to bring them into this action as their identities and the basis for their liability become known.  They include, but are not limited to, manufacturers, suppliers, dealers or retailers of Kaymed's mattresses and pillows and individuals who caused any company or entity to commit the illegal conduct that is at issue in this action.

3.      Defendants do business in the State of Utah and/or otherwise have substantial contacts with Utah and avail themselves of the benefits and protections of Utah law by having visited EdiZONE in Utah for the purpose of assessing whether to license cushion technology owned by EdiZONE and then, as alleged herein, refusing a license and instead purchasing cushion components that use EdiZONE's patented property from an unauthorized Utah supplier for use and sale in Kaymed's products throughout the United States of America, including in Utah.

4.      Defendants are alleged herein to be liable to EdiZONE for patent infringement under the laws of the United States of America.  Each Defendant has sold or been responsible for the sale of products in Utah that infringe one or more of EdiZONE's patents.

5.      This Court has personal jurisdiction over the Defendants.

6.      Subject matter jurisdiction and venue are founded upon 28 U.S.C. § 1331, 1338(a), 1391 and 1400(b).

## GENERAL ALLEGATIONS

7.      EdiZONE is the owner of valuable intellectual property created from the expenditure of time and money, and that is protected under the patent laws of the United States of America, including the following three patents:

        a.      United States Patent No. 7,076,822 ("'822 Patent"), issued July 18, 2006 and entitled "Stacked cushions";

        b.      United States Patent No. 6,026,527 ("'527 Patent"), issued February 22, 2000 and entitled "Gelatinous cushions with buckling columns";

        c.      United States Patent No. 5,749,111 ("'111 Patent"), issued May 12, 1998 and entitled "Gelatinous cushions with buckling columns".

8.      None of these patents have expired and each remains in full force and effect at this time, and is presumed by law to be valid and enforceable.  The '527 Patent and '111 Patent also have survived three reexaminations with only clarifying amendments to most but not all of the claims.

9.      Upon information and belief, the SleepSpa Collection of beds and pillows marketed by Kaymed with what it calls SleepSpa Gel Therapy technology use the patented inventions owned by EdiZONE (hereafter "Infringing Products").

10.      Upon information and belief, a company named CrossGel, LLC ("CrossGel"), a Utah company, was making unauthorized gel components that used the patented inventions owned by EdiZONE.  CrossGel purchased the capability to manufacture gel cushions from a

former licensee, but CrossGel refused to stop manufacturing gel cushions without its own license

to use the patented technology, and in 2007 it was a defendant in a pending patent infringement

lawsuit brought against it by EdiZONE's predecessor in interest.  In that action against CrossGel,

the United States District Court ruled on a motion for summary judgment before trial that

CrossGel's gel components infringed the '111 and '527 Patents as a matter of law.

       11.    Managers of EdiZONE, Tony Pearce and Terry Pearce (hereafter "Pearce"),

witnessed at an industry show in Las Vegas, Nevada, that Kaymed was introducing its Infringing

Products, and at that time Kaymed confirmed to Pearce that the gel cushion components used by

Kaymed in its Infringing Products were the same infringing gel cushions supplied by CrossGel.

Pearce also observed the gel used by Kaymed in its Infringing Products and it indeed was seen to

be the same infringing gel known to be manufactured by CrossGel.

       12.    Pearce then advised Sheahan that the CrossGel gel components infringed the

subject patents, and Sheahan responded by assuring Pearce that Kaymed would not proceed

without Pearce's approval.

       13.    Pearce and Sheahan then had meetings and discussions wherein Sheahan admitted

that he desired to obtain 1,000 gel cushion components from Sunshine Manufacturing, LLC, a

sister company of EdiZONE, instead of from CrossGel, again freely admitting that he was

buying infringing gel components from CrossGel, but those negotiations ended when Sheahan

informed Pearce that Kaymed would not pay for a license when it was able to obtain gel

components from CrossGel without that added expense.

       14.    Kaymed's attorney then sent a letter to Pearce advising that Kaymed would **not**

"cease all of its marketing activity related to its gel bed products".

15.     Unfortunately, Plaintiff's predecessor did not then have the resources and ability to enforce its patent rights against Kaymed, particularly because of pending litigation, including the lawsuit against CrossGel.

16.     The CrossGel action ultimately was settled on the eve of trial with CrossGel agreeing to go out of the gel business and selling its equipment.

17.     Upon information and belief, before that settlement, CrossGel transferred technology and know-how to Kaymed so that Kaymed could manufacture its own infringing gel components.

<u>CLAIMS FOR RELIEF</u>

<u>First Claim for Relief ('822 Patent)</u>

18.     EdiZONE incorporates herein its allegations set forth above in paragraphs 1 through 17 as if fully restated.

19.     The Infringing Products, or at least one of the mattress and/or pillow products within this definition, read on one or more claims of the '822 Patent.

20.     Defendants have either actual or constructive notice of the '822 Patent through verbal or written notice given to Sheahan and Kaymed and/or through patent markings on licensed products sold in the United States of America since before the alleged infringement began.

21.     Defendants do not have a licensed right to make, have made, use or sell, or with actual or constructive knowledge of the '822 Patent induce other Defendants to make, use or sell, the Infringing Products in the United States of America, or to sell or import into the United States of America a component of the Infringing Products with knowledge that the component is

especially designed for use in the Infringing Products and is not a staple article of commerce suitable for substantial uses other than in the Infringing Products.

22.     Accordingly, Defendants are liable for direct infringement, for inducing direct infringement and/or for contributory infringement.

23.     Upon information and belief, if not enjoined by the Court, Sheahan may continue to infringe the '822 Patent, inducement direct infringement of the '822 Patent, or contribute to such direct infringement of the '822 Patent.

24.     Defendants have acted willfully and with deliberate disregard of EdiZONE's rights in its '822 Patent.

25.     EdiZONE is entitled to recover from Defendants, jointly and severally, monetary damages in an amount not less than a reasonable royalty for all units of Infringing Products sold, prejudgment and post judgment interest thereon, and exemplary damages and attorneys' fees. EdiZONE also is entitled to injunctive relief as may be shown to be necessary and appropriate.

<u>Second Claim for Relief ('527 Patent)</u>

26.     EdiZONE incorporates herein its allegations set forth above in paragraphs 1 through 17 as if fully restated.

27.     The Infringing Products, or at least one of the mattress and/or pillow products within this definition, read on one or more claims of the '527 Patent.

28.     Defendants have either actual or constructive notice of the '527 Patent through verbal or written notice given to Sheahan and Kaymed and/or through patent markings on licensed products sold in the United States of America since before the alleged infringement began.

29.     Defendants do not have a licensed right to make, have made, use or sell, or with actual or constructive knowledge of the '527 Patent induce other Defendants to make, use or sell, the Infringing Products in the United States of America, or to sell or import into the United States of America a component of the Infringing Products with knowledge that the component is especially designed for use in the Infringing Products and is not a staple article of commerce suitable for substantial uses other than in the Infringing Products.

30.     Accordingly, Defendants are liable for direct infringement, for inducing direct infringement and/or for contributory infringement.

31.     Upon information and belief, if not enjoined by the Court, Sheahan may continue to infringe the '527 Patent, inducement direct infringement of the '527 Patent, or contribute to such direct infringement of the '527 Patent.

32.     Defendants have acted willfully and with deliberate disregard of EdiZONE's rights in its '527 Patent.

33.     EdiZONE is entitled to recover from Defendants, jointly and severally, monetary damages in an amount not less than a reasonable royalty for all units of Infringing Products sold, prejudgment and post judgment interest thereon, and exemplary damages and attorneys' fees. EdiZONE also is entitled to injunctive relief as may be shown to be necessary and appropriate.

<u>Third Claim for Relief ('111 Patent)</u>

34.     EdiZONE incorporates herein its allegations set forth above in paragraphs 1 through 17 as if fully restated.

35.     The Infringing Products, or at least one of the mattress and/or pillow products within this definition, read on one or more claims of the '111 Patent.

36.     Defendants have either actual or constructive notice of the '111 Patent through verbal or written notice given to Sheahan and Kaymed and/or through patent markings on licensed products sold in the United States of America since before the alleged infringement began.

37.     Defendants do not have a licensed right to make, have made, use or sell, or with actual or constructive knowledge of the '111 Patent induce other Defendants to make, use or sell, the Infringing Products in the United States of America, or to sell or import into the United States of America a component of the Infringing Products with knowledge that the component is especially designed for use in the Infringing Products and is not a staple article of commerce suitable for substantial uses other than in the Infringing Products.

38.     Accordingly, Defendants are liable for direct infringement, for inducing direct infringement and/or for contributory infringement.

39.     Upon information and belief, if not enjoined by the Court, Sheahan may continue to infringe the '111 Patent, inducement direct infringement of the '111 Patent, or contribute to such direct infringement of the '111 Patent.

40.     Defendants have acted willfully and with deliberate disregard of EdiZONE's rights in its '111 Patent.

41.     EdiZONE is entitled to recover from Defendants, jointly and severally, monetary damages in an amount not less than a reasonable royalty for all units of Infringing Products sold, prejudgment and post judgment interest thereon, and exemplary damages and attorneys' fees. EdiZONE also is entitled to injunctive relief as may be shown to be necessary and appropriate.

## PRAYER

WHEREFORE, EdiZONE respectfully prays for the following relief:

1.      A monetary judgment against Defendants, jointly and severally, to compensate EdiZONE for its damages;

2.      Interest, prejudgment and post judgment, on the monetary judgment, as allowed by law;

3.      Exemplary damages, including treble damages, and costs and attorneys' fees, as allowed by law;

4.      Injunctive relief and any other equitable relief to prevent continuing damages to EdiZONE;

5.      All such other relief as the Court deems necessary and appropriate.

## JURY DEMAND

EdiZONE demands a trial by jury on all issues so triable.

DATED this 3rd day of November, 2010.


   /Casey K. McGarvey/                                  
  Casey K. McGarvey
  Attorney for EdiZONE, LLC


Plaintiff's Address:
EdiZONE, LLC
123 East 200 North
Alpine, Utah 84004